NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000589
22-JUN-2015
12:19 PM**

NO. CAAP-14-0000589

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER
POOLING AND SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2004
ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-WHQ1,
Plaintiff-Appellee,
v.
FRANKLIN PAUL EMBERNATE, LEILANI PAULINE EMBERNATE,
Defendants-Appellants
and
JOHN and MARY DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-496K)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Defendants-Appellants Franklin Paul Embernate and
Leilani Pauline Embernate (together, **Embernates**) appeal from the
"Order Granting Plaintiff's Motion for Summary Judgment on
Plaintiff's Complaint for Ejectment" and "Final Judgment," both
filed on March 19, 2014 in the Circuit Court of the Third
Circuit[1]/ (**circuit court**).

On appeal, the Embernates contend the circuit court
erred in granting summary judgment in favor of Plaintiff-Appellee
Wells Fargo Bank, National Association, as Trustee Under Pooling
and Servicing Agreement Dated as of September 1, 2004 Asset-
Backed Pass-Through Certificates, Series 2004-WHQ1 (**Wells Fargo**)
because a genuine issue of fact remained as to whether Wells

---

1/      The Honorable Judge Ronald Ibarra presided.

Fargo had standing to conduct the non-judicial foreclosure of the Embernates' property on September 24, 2010.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude the Embernates' appeal is without merit.

The Embernates argue that the law firm, Leu & Okuda, did not have standing to act on Wells Fargo's behalf when it conducted the non-judicial foreclosure sale of their property because (1) "the loan servicing rights and attorney-in-fact privileges on the Note and Mortgage were transferred from HomEq to Ocwen on August 31, 2010" and (2) "the attorney-in-fact relationship between [Wells Fargo] and [Barclays Capital Real Estate Inc. DBA HomEq Servicing (HomEq)] ended on August 1, 2010." In support of their arguments, the Embernates cite to Hawaii Revised Statutes (HRS) § 667-5(a) (Supp. 2011).[2/]

HRS § 667-5 governed non-judicial foreclosures at the time of the sale of the Embernates' property and required that a mortgagee "be represented by an attorney who is licensed to practice law in the State and is physically located in the State" in order to foreclose on a property under the power of sale. The record indicates that, contrary to the Embernates' argument on appeal, HomEq was not the Wells Fargo's attorney for the non-judicial foreclosure sale, but was merely the servicing agent for the Embernates' loan. Attorneys from the Honolulu law firm, Leu & Okuda, were the attorneys of record for Wells Fargo's non-judicial foreclosure sale. On July 24, 2010, Lester Leu, an attorney with Leu & Okuda, signed a notice of the non-judicial

---

[2/]  HRS § 667-5 provides in relevant part:

§667-5 Foreclosure under power of sale; notice; affidavit after sale; deficiency judgments. (a) When a power of sale is contained in a mortgage, and where the mortgagee, the mortgagee's successor in interest, or any person authorized by the power to act in the premises, desires to foreclose under power of sale upon breach of a condition of the mortgage, the mortgagee, successor, or person shall be represented by an attorney who is licensed to practice law in the State and is physically located in the State.

foreclosure sale of the Embernates' property. On September 28, 2010, Karyn Doi (**Doi**), also an attorney with Leu & Okuda, signed an affidavit attesting that all the elements of HRS § 667-5 had been satisfied. Doi's affidavit indicated she was "an attorney licensed to practice law in the State of Hawaii."

The Embernates do not allege that counsel from Leu & Okuda were not licensed to practice law in the State of Hawai'i or that they were not physically located in the State of Hawai'i. In addition, the Embernates do not provide any support for their argument that Wells Fargo's attorney-client relationship with Leu & Okuda terminated once HomEq transferred servicing of the loan to Ocwen Loan Servicing, LCC. Thus, the Embernates fail to provide any support for their argument that Wells Fargo did not satisfy HRS § 667-5.

Therefore,

IT IS HEREBY ORDERED that the March 19, 2014 "Order Granting Plaintiff's Motion for Summary Judgment on Plaintiff's Complaint for Ejectment" and the March 19, 2014 "Final Judgment," both entered in the Circuit Court of the Third Circuit, are affirmed.

DATED: Honolulu, Hawai'i, June 22, 2015.

On the briefs:

Franklin Paul Embernate
and
Leilani Pauline Embernate
Defendants-Appellants pro se.

Paul Alston
J. Blaine Rogers
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3